■ In the Matter of the Claim of ELLEN SAUNDERS, Respondent, against MERRITT CHAPMAN & SCOTT CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and insurance carrier from an award of death benefits. The decedent was 63 years of age at the time of his death. He had been retired from his former employment because of high blood pressure and a heart condition. At the time of his death, he was employed as a night watchman, to guard barges moored off a pier. Part of his job consisted of extinguishing the warning lanterns on the barges in the early morning, near the end of his shift. In boarding one of the barges, it was often necessary for the decedent to jump or pull himself onto the barge from the dock by means of a rope. He then had to walk around the barge on a catwalk about one foot wide. The hazards of the job were increased by the fact that sand and gravel from the cargo usually spilled over onto the catwalk, making the footing treacherous. Hawsers and chucks along the sides of the barges also contributed to the danger. While engaged in his early morning round

extinguishing lanterns, the decedent fell between two barges. An autopsy indicated that he had not drowned but had died of a coronary occlusion. The appellants contend that the decedent had suffered the heart attack first and then fallen into the water, whereas the board found that the decedent had accidentally slipped and fallen into the water and that the heart attack had been precipitated by the fright and shock and by the strain of his struggle to save himself. The autopsy showed that there was no water in the decedent's lungs so that it was clear that he was dead at the time that his head was submerged but it did not necessarily follow that he was dead when he first fell into the water. The board's conclusion was therefore not inconsistent with the autopsy findings. A witness testified that he had heard shouts which he thought were shouts for help from the vicinity in which the decedent's body was found, at about the time of the decedent's disappearance. This supported the board's conclusion that the decedent had accidentally slipped, as did also the proof of the hazards of the decedent's work. Also, from the employer's report of injury stated that the decedent had apparently fallen from a scow. Under the circumstances, the claimant was entitled to the benefit of the presumption of compensability, as to the unwitnessed occurrence, under section 21 of the Workmen's Compensation Law. Once it is found that there was an accidental fall, there was sufficient medical testimony to support the finding of causal relation between the fall and the heart attack. ~Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.